Albert MONTES, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. No. 91–0389 G (M).

United States District Court, S.D. California.

Oct. 31, 1991.

Jeffrey Winter, National City, Cal., for plaintiff.

Samuel W. Bettwy, Sp. Asst. U.S. Atty., San Diego, Cal., for defendant.

## MEMORANDUM DECISION AND ORDER

GILLIAM, District Judge.

On May 28, 1991, the United States moved for dismissal of this case pursuant to Rule 12(b)(1), Fed.R.Civ.Proc. Upon a review of the papers submitted, and after a hearing thereon on October 7, 1991, this court granted the motion to dismiss without prejudice.

In his complaint, the plaintiff alleges that, while engaging in a high-speed vehicular pursuit of a third vehicle, agents of the U.S. Border Patrol failed "to keep a proper lookout and yield the right of way," which resulted in his injuries. The pursuit ended when the pursued vehicle collided with the plaintiff's 18–wheeler. The Border Patrol vehicle was not involved in the collision itself.

■ The plaintiff brought this action against the United States pursuant to the Federal Tort Claims Act (FTCA). 28 U.S.C. §§ 1346(b), 2671–80. The United States moved to dismiss the action for lack of jurisdiction, arguing that, "under like circumstances," the United States is immune from liability under California state law. 28 U.S.C. § 2674; *Aguilar v. United States,* 920 F.2d 1475, 1477 (9th Cir.1990); Calif.Veh.Code § 17004.7.

■ As a sovereign, the United States is immune from suit except when it consents to be sued. *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980); *United States v. Testan,* 424 U.S. 392, 398–99, 96 S.Ct. 948, 953–54, 47 L.Ed.2d 114 (1976). The absence of such consent constitutes a jurisdictional defect. *Id.* The FTCA contains such consent to be sued and provides that the liability of the United States shall be determined according to the law of the state where the alleged tortious activity took place. 28 U.S.C. § 1346(b); *Richards v. United States,* 369 U.S. 1, 82 S.Ct. 585, 7 L.Ed.2d 492 (1962); *Simpson v. United States,* 652 F.2d 831 (9th Cir.1981); *Phillips v. United States,* 590 F.2d 297 (9th Cir.1979). Thus, in this case, California law is applied to determine the liability of the United States.

■ The FTCA provides that the United States shall be liable to the same extent as a private individual engaged in an analogous activity. 28 U.S.C. § 2674; *Arnsberg v. United States,* 757 F.2d 971, 978 (9th Cir.1984). However, in California, private individuals have no authority to engage in high-speed vehicular pursuits of suspected law violators, and there is no analogous private activity.

The Ninth Circuit has consistently held that, where there is no analogous private activity, the liability of the United States is the same as "the liability of state and municipal entities 'under like circumstances.'" *Louie v. United States,* 776 F.2d 819, 825 (9th Cir.1985). *See Doggett v. United States,* 875 F.2d 684, 689 (9th Cir.1989); *Wright v. United States,* 719 F.2d 1032, 1034–35 (9th Cir.1983). Likewise, the Ninth Circuit has held that, absent an analogous private activity, the U.S. shall be *immune* from liability to the same extent as state and municipal entities under like circumstances. *Aguilar v. United States,* 920 F.2d 1475, 1477–78 (9th Cir.1990); *Wright,* 719 F.2d at 1034.

■ Under Section 17004.7 of the California Vehicle Code, public entities are immune from liability for injuries caused to third persons by pursued vehicles in authorized high-speed vehicular pursuits, provided that the public entity has adopted a written policy on vehicular pursuits which provides for the following:

(1) supervisory control of the pursuit;

(2) procedures for designating the primary pursuit vehicle and for determining the total number of vehicles to be permitted to participate at one time in the pursuit;

(3) procedures for coordinating operations with other jurisdictions; and

(4) guidelines for determining when the interests of public safety and effective law enforcement justify a vehicular pursuit and when a vehicular pursuit should not be initiated or should be terminated.

Calif.Veh.Code § 17004.7(c). *See Weiner v. City of San Diego*, 229 Cal.App.3d 1203, 280 Cal.Rptr. 818 (1991); *Kishida v. State of California*, 229 Cal.App.3d 329, 280 Cal. Rptr. 62 (1991).

Section 17004.7 also provides, at subsection (d), that a determination of whether a pursuit policy contains the above-listed elements shall be a question of law for the court. The court has reviewed the pursuit policy issued by the U.S. Border Patrol and has determined that it satisfies Section 17004.7(c) of the California Vehicle Code.

Therefore, with respect to the allegations of the complaint, the court finds that the United States is immune from liability for the plaintiff's injuries and thus orders the complaint and the underlying action dismissed for lack of jurisdiction, without prejudice.

IT IS SO ORDERED.