[No. B066496. Second Dist., Div. Four. Apr. 29, 1994.]

STANLEY BRUMER et al., Plaintiffs and Appellants, v.
CITY OF LOS ANGELES, Defendant and Respondent.

**COUNSEL**

Manes & Watson and Hugh R. Manes for Plaintiffs and Appellants.

James K. Hahn, City Attorney, Thomas C. Hokinson, Assistant City Attorney, and Katherine J. Hamilton, Deputy City Attorney, for Defendant and Respondent.

**OPINION**

**KLEIN (Brett), J.**\*—Plaintiffs Stanley Brumer and Gloria Miriam Brumer appeal from a summary judgment in their wrongful death action against the City of Los Angeles.

*Judge of the Municipal Court for the Los Angeles Judicial District sitting under assignment by the Chairperson of the Judicial Council.

This is a police pursuit case. Toraino Leon Young, a robber fleeing from police, caused a fatal crash with plaintiffs' decedent, their son Martin Alan Brumer. (See *People* v. *Young* (1992) 11 Cal.App.4th 1299 [15 Cal.Rptr.2d 30].) Plaintiffs sued the two police officers, the city, Young, and the driver and owner of another vehicle struck by Young. The individual defendants are not parties to this appeal.

The city moved for summary judgment based on the statutory immunity for injuries resulting from police pursuits. (Veh. Code, § 17004.7.) The motion was granted and judgment entered in the city's favor. This appeal followed.

Vehicle Code section 17004.7, which took effect 18 months before the accident, is set out in the margin:[1]

On November 11, 1988, Daryl F. Gates, then Chief of Police of the City of Los Angeles, issued special order No. 23, establishing a vehicle pursuit policy of the Los Angeles Police Department.

Appellants contend: (1) the policy does not qualify under the statute unless approved by either the police commission or the city council; (2) a public entity loses the statutory immunity if a plaintiff can prove, at trial, that its pursuit policy "was illusory and not put into practice"; (3) the policy contains inadequate guidelines to satisfy Vehicle Code section 17004.7, subdivision (c)(4); and (4) the city waived the immunity defense by not pleading it in its answer.

---

[1]"(a)  The immunity provided by this section is in addition to any other immunity provided by law. The adoption of a policy by a public agency pursuant to this section is discretionary.

"(b)  A public agency employing peace officers which adopts a written policy on vehicular pursuits complying with subdivision (c) is immune from liability for civil damages for personal injury to or death of any person or damage to property resulting from the collision of a vehicle being operated by an actual or suspected violator of the law who is being, has been, or believes he or she is being or has been, pursued by a peace officer employed by the public entity in a motor vehicle.

"(c)  If the public entity has adopted a policy for the safe conduct of vehicular pursuits by peace officers, it shall meet all of the following minimum standards:

"(1)  It provides that, if available, there be supervisory control of the pursuit.

"(2)  It provides procedures for designating the primary pursuit vehicle and for determining the total number of vehicles to be permitted to participate at one time in the pursuit.

"(3)  It provides procedures for coordinating operations with other jurisdictions.

"(4)  It provides guidelines for determining when the interests of public safety and effective law enforcement justify a vehicular pursuit and when a vehicular pursuit should not be initiated or should be terminated.

"(5)  A determination of whether a policy adopted pursuant to subdivision (c) complies with that subdivision is a question of law for the court."

■ Appellants' first contention is unsupported by the statutory language or case law. The statute confers immunity if a public agency or public entity employing peace officers "adopts a written policy on vehicular pursuits complying with subdivision (c)." The parties have spilt much ink discussing the question whether a city's police department is a "public agency" or a "public entity" for sundry inapposite purposes, and exploring the intricacies of the municipal laws of the City of Los Angeles to detect what body enjoys the highest authority over its police department. While this appeal was pending, the issue has been resolved favorably to respondent. A written policy on police pursuits can qualify under Vehicle Code section 17004.7 if promulgated by a city's chief of police, for a police department is a public agency and a public entity. (*Colvin* v. *City of Gardena* (1992) 11 Cal.App.4th 1270, 1278-1280 [15 Cal.Rptr.2d 234]; see *Peterson* v. *City of Long Beach* (1979) 24 Cal.3d 238, 244 [155 Cal.Rptr. 360, 594 P.2d 477]; Gov. Code, § 811.2; Veh. Code, § 17000, subd. (c).) A pursuit policy ordered into effect by the Chief of Police of the City of Los Angeles is, within the meaning of Vehicle Code section 17004.7, a policy adopted by the City of Los Angeles.

■ We also reject appellants' second contention. The statute is clear: if the agency adopts a pursuit policy which meets the statutory requirements, then immunity results. The extent to which the policy was implemented in general and was followed in the particular pursuit is irrelevant. (*Weiner* v. *City of San Diego* (1991) 229 Cal.App.3d 1203, 1208-1211 [280 Cal.Rptr. 818]; *Kishida* v. *State of California* (1991) 229 Cal.App.3d 329, 334-337 [280 Cal.Rptr. 62]; *Payne* v. *City of Perris* (1993) 12 Cal.App.4th 1738, 1747, fn. 3 [16 Cal.Rptr.2d 143].) Judicial supervision of the implementation of police department pursuit policies would defeat the purpose of the statutory immunity. (See *Weiner, supra,* 229 Cal.App.3d at p. 1210.) We reject as insubstantial appellants' argument that the immunity statute is "unlawful, if not unconstitutional," unless given a saving construction that immunity in each case depends on proof the pursuit policy was implemented in general and on the particular occasion.

■ Appellants' third contention also fails. The pursuit policy in this case does not suffer from the deficiencies found in *Colvin* v. *City of Gardena, supra,* 11 Cal.App.4th 1270, 1281-1287, *Payne* v. *City of Perris, supra,* 12 Cal.App.4th 1738, and *Berman* v. *City of Daly City* (1993) 21 Cal.App.4th 276, 282-285 [26 Cal.Rptr.2d 493]. In all three cases the pursuit policy went little beyond paraphrasing Vehicle Code section 17004.7, subdivision (c)(4), leaving officers with unfettered discretion.

Appellants argue the Los Angeles policy falls short of the requirements of Vehicle Code section 17004.7, subdivision (c)(4) because it fails to list

factors pursuing officers should consider in evaluating whether to begin or to abandon a pursuit. Appellants suggest a pursuit policy must tell police officers to consider whether the pursuit is being conducted, for example, during rush hour, in residential neighborhoods, near schools, or after nightfall. In *Payne* the court commended pursuit policies naming, as factors worthy of consideration, volume of vehicular traffic, volume of pedestrian traffic, pursuit speed, weather, road surface, performance capabilities of the police vehicle, and so on. The San Diego pursuit policy approved in *Weiner* (and described in *Colvin*) listed seven factors.

We reject the proposition that the only way a pursuit policy can provide guidelines is by listing manifest perils. Surely police officers recognize driving hazards, such as the slipperiness of a wet road, without being warned by their chief. The Los Angeles policy does not set out factors in the format of a list, but it does require officers to drive with due regard for the safety of others, to continuously weigh the seriousness of the offense against the danger to innocent citizens, and to continuously question whether pursuit is warranted or should be abandoned. It requires officers to consider the length of the pursuit, the presence of a hostage in the pursued vehicle, the performance capabilities of the police car, the availability of a police helicopter to take over the pursuit, and the likelihood they can later identify the suspect if the pursuit is abandoned. It reminds them that the passenger officer is better situated than the driver officer to evaluate whether a pursuit should be abandoned, because the latter is concentrating on driving. It requires that a supervisor assume management of the pursuit, continuously assess the situation, and terminate the pursuit if necessary. These are guidelines, and they comply with the statute.

Appellants also argue the policy is invalid because it gives too much discretion to the officers involved in the pursuit, and not enough control to their supervisors. We disagree. The policy requires a watch commander to ensure that a supervisor assumes management of the pursuit. This satisfies Vehicle Code section 17004.7, subdivision (c)(1). The immunity statute does not require or suggest that the ever-changing circumstances of a pursuit are best evaluated by a person who cannot observe them.

■ Appellants' fourth contention is also meritless. The answer filed by the city and the officers alleged, "these Defendants are immune from liability . . . ." A clearly stated affirmative defense needs no citation to statutory authority to be well pleaded. Plaintiffs have not claimed the city's failure to cite Vehicle Code section 17004.7 in its answer caused them to be

unaware of the law immunizing public entities from liability in police pursuit cases.[2]

In conclusion, we hold the Los Angeles pursuit policy complies in all respects with Vehicle Code section 17004.7.

The judgment is affirmed. Costs to respondent.

Epstein, Acting P. J., and Hastings, J., concurred.

Appellants' petition for review by the Supreme Court was denied July 21, 1994.

---

[2]We decline the parties' invitation to rule on the two officers' individual liability under Vehicle Code section 17004. We can review only the judgment actually entered in favor of the city. (Code Civ. Proc., § 904.1, subd. (a).)