[No. B072199. Second Dist., Div. One. June 14, 1994.]

BILLY JAMES BRYANT, Plaintiff and Appellant, v.
COUNTY OF LOS ANGELES et al., Defendants and Respondents.

COUNSEL

Girardi & Keese and James B. Kropff for Plaintiff and Appellant.

Morris, Polich & Purdy, Robert S. Wolfe, Douglas J. Collodel, Tom R. Shapiro and Richard H. Nakamura, Jr., for Defendants and Respondents.

OPINION

ORTEGA, J.—We affirm the trial court's determination that respondents are statutorily immune from liability in this police pursuit case.

BACKGROUND

According to plaintiff Billy James Bryant's brief on appeal, Michael Finney was owed $500 by a "friend." Trying to collect, he kidnapped the friend, threatened to kill him, beat him severely, and left him in the desert. Finney then decided to ransom the friend for $500. He called the friend's girlfriend and arranged the exchange. She called the sheriff's department, which staked out the drop-off location. After Finney dropped his friend off, respondent Deputy Upchurch followed Finney home. As Finney pulled into his driveway, Upchurch pulled in behind him. Finney spotted Upchurch and went around behind the house. Upchurch chased him, leaving the patrol car's motor running.

Finney came all the way around the house and got into the patrol car. As Upchurch came into view, Finney accused Upchurch of incompetence and took off in the patrol car. Other deputies pursued. At an intersection, Finney collided with a car, which in turn collided with Bryant's car, tragically leaving him a quadriplegic.

The trial court sustained a demurrer without leave to amend as to respondents County of Los Angeles and the sheriff's department. It granted Upchurch judgment on the pleadings.

The question on Bryant's appeal is whether provisions of the Vehicle Code immunize the respondents from liability.

DISCUSSION

I

Vehicle Code section 17001[1] provides generally for public liability in the negligent operation of a motor vehicle. Two exemption statutes are involved here. ▮ Section 17004 exempts employees from liability under certain circumstances. "A public employee is not liable for civil damages on account of personal injury to or death of any person or damage to property resulting from the operation, in the line of duty, of an authorized emergency vehicle while responding to an emergency call or when in the immediate pursuit of an actual or suspected violator of the law, or when responding to but not upon returning from a fire alarm or other emergency call."

In his brief on appeal, Bryant does not mention section 17004 or present any argument as to why the statute does not exempt Upchurch from liability.

---

[1]All further statutory references are to the Vehicle Code, unless otherwise indicated.

Although he asks us to reverse the judgment as to Upchurch, Bryant confines his contentions to section 17004.7. Deputy Upchurch's immunity under section 17004 is plain and requires no further discussion. The statute is susceptible of no other interpretation.

Section 17004.7, subdivision (b) exempts the employer "from liability for civil damages for personal injury to or death of any person or damage to property resulting from the collision of a vehicle being operated by an actual or suspected violator of the law who is being, has been, or believes he or she is being or has been, pursued by a peace officer employed by the public entity in a motor vehicle." The statute provides for such immunity if the "public agency employing peace officers . . . adopts a written policy on vehicular pursuits complying with subdivision (c)." The written policy must meet the following minimum standards: "(1) It provides that, if available, there be supervisory control of the pursuit. [¶] (2) It provides procedures for designating the primary pursuit vehicle and for determining the total number of vehicles to be permitted to participate at one time in the pursuit. [¶] (3) It provides procedures for coordinating operations with other jurisdictions. [¶] (4) It provides guidelines for determining when the interests of public safety and effective law enforcement justify a vehicular pursuit and when a vehicular pursuit should not be initiated or should be terminated." (§ 17004.7, subd. (c).)

■ Bryant presents two related reasons for his argument that section 17004.7 does not apply. First, the sheriff's department pursuit policy does not comply with the section's requirements because "it does not take into account the appropriate procedures when a stolen police vehicle is being used by a suspect to escape." Second, the statute applies only where there is a "suspect fleeing in his own vehicle who is then involved in an accident."

As to the first point, Bryant does not attack the policy on any other grounds or claim that the four requirements of section 17004.7, subdivision (c) are not otherwise met. The only claim is that the policy must be more specific and tell pursuers what they are to do when chasing someone in a stolen police car. We reject the notion.

Section 17004.7 sets forth the policy requirements in plain language. No sleight of mind or crafty drafting can produce therefrom a requirement that a pursuit policy cover such a specific set of circumstances. To the contrary, the Legislature obviously put the requirements in general terms to allow the latitude necessary to deal with situations as they arise. "Because the facts of each situation from which a pursuit might arise are different, a certain amount of leeway is necessary in any written policy to allow for supervisory

discretion in determining when a pursuit is initiated and terminated." (*Weiner* v. *City of San Diego* (1991) 229 Cal.App.3d 1203, 1211 [280 Cal.Rptr. 818].)

Were policies to contain specific procedures for specific situations, police could end up leafing through a manual before taking any kind of action. In many cases the situation would play itself out, without police intervention, before officers could decipher which response is called for.

"We reject the proposition that the only way a pursuit policy can provide guidelines is by listing manifest perils." (*Brumer* v. *City of Los Angeles* (1994) 24 Cal.App.4th 983, 988 [29 Cal.Rptr.2d 515, 517].)

As for Bryant's second point, the immunity statutes contain nothing that even remotely hints at a requirement that the fleeing driver either own or lawfully possess the vehicle he is driving. Bryant relies on the following language from *Colvin* v. *City of Gardena* (1992) 11 Cal.App.4th 1270, 1278 [15 Cal.Rptr.2d 234], and *Weiner* v. *City of San Diego, supra*, 229 Cal.App.3d at page 1210: "[The Legislature] narrowly worded [section 17004.7] to only grant immunity where the *suspect's vehicle* is involved in the accident with an innocent third party . . . ." (Italics added.) This language obviously has nothing to do with ownership or validity of possession, but refers to the vehicle being driven by the culprit. Bryant argues that while he "is not suggesting that this language means that the fleeing third party must be the registered and licensed owner of the vehicle, the intent of this statute does not encompass the use of a stolen sheriff's vehicle[.]" We disagree. Section 17004.7 covers any vehicle being driven by the fleeing driver.

Even if we were to abandon our role as judges and try to legislate changes to the Vehicle Code and various police practices, we do not see how a pursuit policy should differ when the pursued vehicle is a stolen police car. Bryant argues that Finney "was driving through the streets of Lancaster at 120 miles per hour in a sheriff's vehicle, designed for high speed pursuit. He had access to the emergency lights and sirens as well as a police radio and potentially any other sheriff's weapons installed in the car."

Today's roadways are routinely traveled by any number of vehicles designed for high speed. Section 17004.7, subdivision (c)(4) specifically requires "guidelines for determining when the interests of public safety and effective law enforcement justify a vehicular pursuit and when a vehicular pursuit should not be initiated or should be terminated." Thus, it contemplates pursuit of all manner of vehicles. The pursuit policy here, among other

provisions, says that "[w]hen it becomes apparent that the immediacy of apprehension is outweighed by a clear and unreasonable danger to the Deputy and others, the pursuit must be abandoned." Bryant's concern here is adequately addressed by both the statute and the sheriff's department pursuit policy.

Access to emergency lights and sirens could actually make the pursuit safer. Had Finney been so inclined and able to do so, activation of red lights and siren might have prevented this tragic accident. Eliminating immunity based on this factor makes no sense.

We do not see how access to the police radio could play any part in pursuit policy. As for access to weapons in the car, nothing indicates this had anything to do with the pursuit or injuries in this case. In any event, the pursuit policy contains sections called "Use of Firearms During Pursuits" and "Deputy Has Been Fired Upon" which, along with the other provisions of the pursuit policy, adequately deal with the question. The problem of an armed suspect is but one of the variables an officer might have to deal with during a pursuit. The Vehicle Code wisely deals with policy requirements in general terms, leaving the specifics to the discretion of well-trained officers who are equipped to deal with such situations as they evolve.

Bryant cites the recent case of *Thomas* v. *City of Richmond* (1994) 22 Cal.App.4th 765 [27 Cal.Rptr.2d 536], where a grant of summary judgment finding the city immune was reversed by the appellate court. A police officer was attempting to detain the plaintiff, who fled on foot. In pursuing the plaintiff, the officer's car struck him, leaving him a quadriplegic. Section 17004.7 does not apply to the *Thomas* situation. The plaintiff was not struck by a vehicle driven by one fleeing from police. *Thomas* does not assist Bryant. In any event, the California Supreme Court has granted review in *Thomas* (May 19, 1994, S038958).

II

Respondents claim they are also immune from liability under the provisions of Government Code section 845.8. We need not deal with the issue.

The briefs on appeal discuss the question of whether defendants owed a duty to Bryant. Bryant claims the trial court erred in failing to find a duty before getting to the question of statutory immunity. In the strictest technical sense, Bryant is correct. "In sorting out the issues presented, it is important to consider first things first. Conceptually, the question of the applicability of a statutory immunity does not even arise until it is determined that a

defendant otherwise owes a duty of care to the plaintiff and thus would be liable in the absence of such immunity." (*Davidson* v. *City of Westminster* (1982) 32 Cal.3d 197, 201-202 [185 Cal.Rptr. 252, 649 P.2d 894].) But, having rejected Bryant's arguments as to the immunity statutes, there are only two possibilities: if no duty was owed, there is no liability; if a duty was owed, the immunity statutes remove any possible liability. Either way defendants are not liable. The question of duty is moot.

### DISPOSITION

The judgments (demurrer sustained without leave to amend and judgment on the pleadings) are affirmed.

Spencer, P. J., and Vogel (Miriam A.), J., concurred.