[No. A123989. First Dist., Div. Four. Jan. 15, 2010.]

CALIFORNIA CORRECTIONAL PEACE OFFICERS ASSOCIATION et al., Plaintiffs and Respondents, v.
TIM VIRGA et al., Defendants and Appellants.

**COUNSEL**

Littler Mendelson, John M. Skonberg, Richard H. Rahm, Joshua D. Kienitz; K. William Curtis, Warren C. Stracener, Paul M. Starkey, Jennifer M. Garten and Ronald R. Pearson for Defendants and Appellants.

Carroll, Burdick & McDonough, Gregg McLean Adam, Laurie J. Hepler; and Daniel M. Lindsay for Plaintiffs and Respondents.

**OPINION**

**SEPULVEDA, J.**—Appellants State of California, Department of Personnel Administration, Department of Corrections and Rehabilitation, and three state officials appeal following the denial of two requests for attorney fees after they successfully defended against a claim brought by respondent California Correctional Peace Officers Association (CCPOA) and eight of its members pursuant to 42 United States Code section 1983 (section 1983). We conclude that appellants were not entitled to attorney fees pursuant to Code of Civil

Procedure section 1038,[1] because this action did not qualify as a "civil proceeding under the California Tort Claims Act" (§ 1038, subd. (a)) for purposes of the statute. We also conclude that the trial court did not err in denying appellants' second motion for fees under the federal Civil Rights Attorney's Fees Awards Act of 1976 (42 U.S.C. § 1988(b) (section 1988)) pursuant to section 1008. We therefore affirm the judgment.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

CCPOA is a union representing approximately 30,000 state employees. According to the union's complaint, the organization, along with union members Michael Jimenez, Robert Dean, James Martin, Lance Corcoran, Stephen Walker, Leonard McLeod, Sandi Campbell, and Kevin Raymond, respondents herein, campaigned heavily to defeat a 2005 state ballot measure (Prop. 75) that would have limited the permissible political activity of labor organizations. After the measure was defeated, appellants tried to implement two new procedures affecting union members. One would have required union members to use a new form to report leave time taken for union activity, and the other would have required that union members undergo required training while on leave for union business.

On April 4, 2006, respondents filed a complaint for damages and injunctive relief against the State of California, the Department of Corrections and Rehabilitation, and the Department of Personnel Administration (collectively, state defendants). The complaint also named as defendants appellants Roderick Hickman (the former Secretary of the Department of Corrections), Tim Virga (the chief of labor relations at the corrections department), and Brigid Hanson (the assistant secretary for the corrections department) (collectively, individual defendants). Respondents alleged that appellants intended to implement the new policies in retaliation for respondents' participation in the campaign against Proposition 75. The complaint alleged two causes of action against all appellants: (1) a federal claim under 42 United States Code section 1983[2] for violation of respondents' First Amendment rights to freedom of speech and freedom of association, and (2) a state claim for violation of California Constitution article I, section 2, subdivision (a) (freedom of

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise specified.

[2] Title 42 United States Code section 1983 provides in relevant part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ."

speech) and Civil Code section 52.1 (interference with exercise of civil rights). After respondents filed their lawsuit, the state stopped trying to implement the two proposals that were the subject of the suit.

Appellants demurred to the complaint. As for respondents' state law claim, appellants argued, among other things, that respondents failed to comply with the claims filing requirements of the Government Claims Act[3] (hereafter Claims Act; Gov. Code, § 810 et seq.). Appellants also demurred to respondents' claim based on federal law (42 U.S.C. § 1983); however, they did not claim that this cause of action was subject to the claims filing requirements of the Claims Act. The trial court sustained the demurrer without leave to amend on the state law claim, concluding that respondents had, in fact, failed to comply with the claims presentation provisions of the Claims Act. The court overruled appellants' demurrer as to respondents' section 1983 cause of action, and the parties proceeded to conduct discovery.

Nearly a year and a half later, appellants filed a motion for summary judgment on respondents' 42 United States Code section 1983 cause of action. They argued, among other things, that neither the state nor state officials sued in their official capacities could be sued in a state court under section 1983, citing *Will v. Michigan Dept. of State Police* (1989) 491 U.S. 58, 66 [105 L.Ed.2d 45, 109 S.Ct. 2304] (11th Amend. bars § 1983 suits against states absent waiver of immunity). Apparently recognizing that the state defendants were, in fact, immune from suit under section 1983, respondents filed a request for dismissal (with prejudice) of the three state defendants before they filed their opposition to the summary judgment motion. This left only the individual defendants in the case.

The trial court granted summary judgment as to the individual defendants. The order granting summary judgment noted that respondents' "only remaining claim in this action is their First Cause of Action for violation of 42 U.S.C. Section 1983 ('Section 1983 Action'), which is brought against the only remaining defendants in this action, the Individual Defendants, in both their official and individual capacities." The trial court first noted that a 42 United States Code section 1983 action may be brought against state officials in their official capacities for injunctive relief only. It concluded that because the proposals at issue were never implemented, there was no basis for injunctive relief against the individual defendants. The court also noted that state officials have qualified immunity from section 1983 actions brought against them in their individual capacities unless a plaintiff can (1) show a violation

---

[3] The act previously had been referred to by the informal short title "Tort Claims Act." Our Supreme Court has adopted the practice of referring to the claims statutes as the "Government Claims Act," because the statutes also apply to breach of contract claims. (*City of Stockton v. Superior Court* (2007) 42 Cal.4th 730, 734 [68 Cal.Rptr.3d 295, 171 P.3d 20].)

of constitutional rights and (2) demonstrate that a reasonable official would understand that he or she was violating someone's constitutional rights. The court did not reach the qualified immunity question, however, because it concluded that because the proposals were never implemented, no constitutional rights violation occurred.

Appellants filed a motion for attorney fees and costs pursuant to section 1038, which authorizes defendants to recover reasonable attorney fees and costs after they prevail on dispositive motions under the Claims Act. Respondents opposed the motion, arguing that appellants had not secured a qualifying dispositive order under the relevant statute, and that they maintained their suit with reasonable cause and in good faith in any event.

The trial court issued a tentative ruling indicating that it intended to grant the motion and award appellants their attorney fees.[4] At the hearing on the motion, respondents' counsel argued there were three reasons why the trial court should deny the motion. First, section 1038 (a state statute governing fees and costs) does not address claims brought pursuant to 42 United States Code section 1983, a federal civil rights law. Second, a section 1983 claim is not subject to the Claims Act. Third, respondents' counsel argued that granting the motion under state law would contravene the will of Congress, because the federal civil rights act permits the award of attorney fees only to prevailing plaintiffs, and not to defendants. As counsel later acknowledged, that was an incorrect statement of law, as any "prevailing party" (other than the United States) may recover attorney fees in the court's discretion pursuant to 42 United States Code section 1988.

The trial court changed its tentative ruling in light of respondents' arguments and denied the motion for attorney fees. In its written order denying the motion, the court stated that section 1038 did not authorize the requested attorney fees award, because the federal civil rights claim against appellants (the only claim that remained at the time the trial court granted summary judgment) was not a " 'civil proceeding under the California Tort Claims Act,' as required by Code of Civil Procedure section 1038, subd. (a)." In light of its conclusion that section 1038 did not apply, the court did not reach the issue of whether respondents brought the case in good faith and with reasonable cause pursuant to the statute.

Appellants then filed a motion for attorney fees pursuant to 42 United States Code section 1988. At the hearing on the motion, the trial court stated that the motion was an improper motion for reconsideration (§ 1008) of its previous

---

[4] No tentative ruling appears in the record on appeal; however, the parties discussed the tentative ruling at the hearing on the motion.

denial of attorney fees. The trial court permitted appellants to submit supplemental briefing regarding *Baldwin v. Home Savings of America* (1997) 59 Cal.App.4th 1192, 2000 [69 Cal.Rptr.2d 592] (*Baldwin*), cited by respondents for the first time at the hearing. Following briefing, the trial court again concluded that the motion for attorney fees under section 1988 was, in effect, a motion for reconsideration, and that appellants could not seek the same relief under a different statute after they were previously denied attorney fees. The court denied the motion. Appellants timely appealed from the subsequent judgment.[5]

## II.

### DISCUSSION

A. *Section 1038 Does Not Authorize Attorney Fees for Successful Defense of 42 United States Code Section 1983 Claim.*

Appellants argue that the trial court erred in determining that there was no legal basis for an award of attorney fees pursuant to section 1038, a legal question we review de novo. (*Connerly v. State Personnel Bd.* (2006) 37 Cal.4th 1169, 1175–1176 [39 Cal.Rptr.3d 788, 129 P.3d 1]; *Roybal v. Governing Bd. of Salinas City Elementary School Dist.* (2008) 159 Cal.App.4th 1143, 1148 [72 Cal.Rptr.3d 146].) To resolve this question, this court first examines the competing legal principles that governed this action.

■ California, like all other states, enjoys sovereign immunity against claims for money damages. The Claims Act represents a limited waiver of that immunity, and provides that plaintiffs may bring actions against the state, local public entities, and public employees if they comply with strict procedural requirements. (Gov. Code, § 815 et seq.) "Under the Act, no person may sue a public entity or public employee for 'money or damages' unless a timely written claim has been presented to and denied by the public entity." (*County of Los Angeles v. Superior Court* (2005) 127 Cal.App.4th 1263, 1267 [26 Cal.Rptr.3d 445], quoting Gov. Code, § 945.4.)

■ Title 42 United States Code section 1983, unlike the Claims Act, does not permit a plaintiff to sue a state, because the Eleventh Amendment bars such suits unless the state has waived its immunity. (*Will v. Michigan Dept. of State Police, supra*, 491 U.S. at p. 66.) Although section 1983 authorizes suits against public employees for deprivation of civil rights, it does not permit suits for damages against state officials acting in their official capacities. (*Will*, at p. 71.)

---

[5] Respondents filed a cross-appeal. They later filed a request for dismissal of the cross-appeal, which this court granted on February 23, 2009.

■ Section 1038 provides defendants with a way to recover the costs (including attorney fees) of defending against unmeritorious and frivolous claims brought under the Claims Act. (*Kobzoff v. Los Angeles County Harbor/UCLA Medical Center* (1998) 19 Cal.4th 851, 857 [80 Cal.Rptr.2d 803, 968 P.2d 514].) The statute provides in part: "*In any civil proceeding under the California Tort Claims Act* . . . , the court, upon motion of the defendant . . . , shall, at the time of the granting of any summary judgment, motion for directed verdict, motion for judgment under Section 631.8, or any nonsuit dismissing the moving party . . . determine whether or not the plaintiff . . . brought the proceeding with reasonable cause and in the good faith belief that there was a justifiable controversy under the facts and law which warranted the filing of the complaint . . . ." (§ 1038, subd. (a), italics added.) Section 1038 "permits trial courts to award defendants their costs and fees on a finding that plaintiffs did not bring or maintain the action *either* with reasonable cause *or* in the good faith belief in a 'justifiable controversy under the facts and law.' "[6] (*Kobzoff*, at pp. 863–864, italics added.)

■ Section 1038 applies only if a defendant has made a successful motion for summary judgment, judgment under section 631.8, directed verdict, or nonsuit. Respondents' state law claim, which was subject to the Claims Act, was dismissed on demurrer, and there is apparently no dispute here that section 1038 does not apply to the sustaining of a demurrer. Following demurrer, respondents maintained only a 42 United States Code section 1983 claim against both the state defendants and individual defendants. After appellants filed a motion for summary judgment on that claim, respondents sought dismissal as to the state defendants. The trial court later granted summary judgment as to the individual defendants, and appellants sought their fees pursuant to section 1038. Appellants argue that, for purposes of section 1038, they obtained summary judgment on their section 1983 claim, even though the state defendants were dismissed before summary judgment was granted. We need not decide whether respondents' voluntary dismissal was a triggering event for purposes of section 1038, because we believe that the controlling issue is whether respondents' section 1983 claim against any defendant was a "civil proceeding under the California Tort Claims Act" under the statute. (§ 1038, subd. (a).)

We agree with the trial court that section 1038 was inapplicable here, because respondents' 42 United States Code section 1983 claim, the only claim remaining following demurrer, was not a "civil proceeding under the California Tort Claims Act" (§ 1038, subd. (a)). Although this is an issue of

---

[6] A motion pursuant to section 1038 should be filed at the earliest practical time prior to the entry of judgment. (§ 1038, subd. (c); *Gamble v. Los Angeles Dept. of Water & Power* (2002) 97 Cal.App.4th 253, 259 [118 Cal.Rptr.2d 271].) There is no dispute here that the motion for fees was timely.

first impression, we believe that the trial court's conclusion was consistent with decades of case law holding that section 1983 actions are not subject to the Claims Act. As this court observed nearly 16 years ago: "It is well established that a constitutional cause of action is *wholly separate and independent from a state cause of action*, even where the same conduct gives rise to both. [Citation.] Although a plaintiff's cause of action may be barred by public entity immunity under state law, this does not shield a [public entity] from liability under section 1983 for deprivation of a person's civil rights under color of law." (*Berman v. City of Daly City* (1993) 21 Cal.App.4th 276, 285–286 [26 Cal.Rptr.2d 493], italics added [addressing § 1983 and state causes of action separately in appeal of summary judgment]; see also *Martinez v. California* (1980) 444 U.S. 277 [62 L.Ed.2d 481, 284, 100 S.Ct. 553] [immunity statute in Claims Act does not control in § 1983 case even though federal cause of action asserted in state court]; *Buenavista v. City and County of San Francisco* (1989) 207 Cal.App.3d 1168, 1174 [255 Cal.Rptr. 329] [state immunity statute does not shield city from liability under § 1983]; 5 Levy et al., Cal. Torts (2009) General Public Entity Liability, § 60.06[1][b] [immunity granted by Claims Act can be circumvented when acts of public entity "not only cause injury but also violate constitutional rights" under civil rights act].) Because a state may not impose substantive limitations on a civil rights act action, section 1983 claims are not subject to the procedural requirement in the Claims Act that a plaintiff must timely file a claim with a public entity as a prerequisite to later filing an action for damages against the entity. (*Williams v. Horvath* (1976) 16 Cal.3d 834, 838, 841–842 [129 Cal.Rptr. 453, 548 P.2d 1125] [claim provisions of Claims Act set forth in Gov. Code inoperative in § 1983 action]; *Lozada v. City and County of San Francisco* (2006) 145 Cal.App.4th 1139, 1153 [52 Cal.Rptr.3d 209] [because supremacy clause prohibits states from altering federally created rights, § 1983 actions not subject to Claims Act filing requirements]; *Gatto v. County of Sonoma* (2002) 98 Cal.App.4th 744, 764–765 [120 Cal.Rptr.2d 550] [same].)

Appellants claim on appeal that respondents' 42 United States Code section 1983 action was, in fact, a civil proceeding under the Claims Act. They reason that because the state (and its officials acting in their official capacities) were not subject to suit under section 1983, this was simply an action against the state for money damages, which was therefore subject to the Claims Act. We disagree. The fact that the state and individual defendants were not subject to a section 1983 action is an argument that might have supported a motion for attorney fees under the federal attorney fees provision governing section 1983 claims (42 U.S.C. § 1988).[7] (E.g., *Elwood v. Drescher*

---

[7] The statute provides in part that in any action or proceeding to enforce 42 United States Code section 1983, the court in its discretion may allow the prevailing party (other than the United States) reasonable attorney fees. (42 U.S.C. § 1988(b).) A prevailing defendant in a section 1983 action is entitled to an award of attorney fees under section 1988 only when the

(9th Cir. 2006) 456 F.3d 943, 949 [Cal. Dept. of Justice entitled to attorney fees under § 1988 where § 1983 claim dismissed on the basis of 11th Amend.].) However, appellants did not seek attorney fees pursuant to *that* statute in their original motion.[8] The fact that appellants (both the state defendants and the individual defendants acting in their official capacities) may have been immune from suit under section 1983 (an issue the trial court never decided) does not transform this action into a proceeding under the Claims Act.

Indeed, appellants cite no case where a court has found that defendants may recover attorney fees under section 1038 where they brought a successful summary judgment motion solely on a 42 United States Code section 1983 cause of action. Instead, they emphasize, as they did in their motion for summary judgment, that neither a state nor its officials acting in their official capacities can be sued under the civil rights act, because they are not " 'persons' " under section 1983. (*Will v. Michigan Dept. of State Police, supra*, 491 U.S. at p. 71.) Although this is true, and it is no doubt why respondents dismissed the state defendants after they moved for summary judgment, it does not follow that appellants were entitled to attorney fees under a *state statute* for successfully defending a claim under the *federal* civil rights act. Equally irrelevant are the parties' arguments over whether the individual defendants were being sued under the civil rights act in their individual or personal capacities. Even assuming, as appellants argue, that the individuals were being sued in their official capacities and that this was therefore "no different from a suit against the State itself," which is impermissible (*Will, supra*, 491 U.S. at p. 71), the fact remains that this was a suit brought against the state under the civil rights act, not the Claims Act.

■ Appellants do not cite any persuasive authority to the contrary. In support of their claim that the Claims Act covers " '*all claims* for money damages against the state . . . for an injury for which the state is liable' " (italics added) they first quote from a portion of the Claims Act regarding the procedural claims filing requirements of the statute. (Gov. Code, § 905.2, subd. (b)(3).) Again, however, it is well settled that the Claims Act claims filing provisions are inapplicable to 42 United States Code section 1983 claims.[9] (*Williams v. Horvath, supra*, 16 Cal.3d at p. 842; *Lozada v. City and County of San Francisco, supra*, 145 Cal.App.4th at p. 1153; *Gatto v. County*

---

plaintiff's action is " 'frivolous, unreasonable, or without foundation.' " (*Tutor-Saliba Corp. v. City of Hailey* (9th Cir. 2006) 452 F.3d 1055, 1060, quoting *Hughes v. Rowe* (1980) 449 U.S. 5, 14 [66 L.Ed.2d 163, 101 S.Ct. 173].)

[8] We address below (pt. II.B, *post*) whether the trial court properly denied appellants' motion pursuant to 42 United States Code section 1988.

[9] Appellants likewise quote selectively from *County of Los Angeles v. Superior Court, supra*, 127 Cal.App.4th 1263, which noted that the Claims Act provides that "no person may sue a public entity or public employee for 'money or damages' *unless a timely written claim has*

*of Sonoma, supra*, 98 Cal.App.4th at pp. 764–765.) Appellants later acknowledge that the claims presentation requirements of the Claims Act are inapplicable in section 1983 actions, but argue that section 1983 actions are nonetheless *"covered* by the Claims Act." (Original italics.) The only authority they cite for this proposition is the portion of *Williams v. Horvath, supra*, 16 Cal.3d 834, that held that the *indemnification provisions* of the Claims Act (Gov. Code, § 825) apply whether an action is grounded on the Claims Act or on section 1983. (*Williams*, at pp. 843, 848.) As the *Williams* court noted, Government Code section 825 provides indemnification where an employee of a public entity requests the public entity to defend him or her " 'against *any* claim or action,' " not just those causes of action based on the Claims Act. (*Williams, supra*, at pp. 842–843, quoting Gov. Code, § 825, italics added by *Williams* court.) Section 1038, by contrast, applies only to a "civil proceeding *under the California Tort Claims Act.*" (Italics added.) The statute uses specific terminology which, by its terms, applies only to actions brought under the Claims Act. The trial court correctly concluded that the statute did not apply to respondents' federal section 1983 action.

Appellants' reliance on *Clark v. Optical Coating Laboratory, Inc.* (2008) 165 Cal.App.4th 150 [80 Cal.Rptr.3d 812] is misplaced. The plaintiffs in *Clark* brought a toxic tort lawsuit against the State of California and two other defendants. (*Id.* at p. 155.) The court declared a mistrial based on the cumulative misconduct of the plaintiffs' attorneys, and awarded all the defendants attorney fees and costs as sanctions. (*Ibid.*) The plaintiffs argued on appeal that fees awarded under section 1038 were inappropriate because their action was brought under Proposition 65, and not the Claims Act. (*Clark*, at p. 182.) Division One of this court rejected that argument, noting that the Claims Act "governs all liability against public entities in California." (*Ibid.*) However, the *Clark* court was not asked to decide whether *a 42 United States Code section 1983 claim*—which is meant to protect rights conferred under federal law and does not sound in state law (unlike an action purportedly brought pursuant to Prop. 65)—was subject to the Claims Act or whether defendants in a section 1983 action were entitled to fees under section 1038.

*Toscano v. County of Los Angeles* (1979) 92 Cal.App.3d 775 [155 Cal.Rptr. 146], upon which appellants also rely, likewise does not support their position. In *Toscano*, the plaintiffs sought an order permitting them to file an action against defendant Los Angeles County Sheriff's Department even though they had not timely filed claims with the department under the Claims Act, and the trial court denied the petition. (*Toscano*, at pp. 779–780.) The plaintiffs argued on appeal, among other things, that failure to file a timely

*been presented to and denied by the public entity.*" (127 Cal.App.4th at p. 1267, italics added.) Again, the claims presentation requirement of the Claims Act does not apply to 42 United States Code section 1983 claims.

claim against a government entity did not bar a cause of action under 42 United States Code section 1983, citing *Williams v. Horvath, supra,* 16 Cal.3d 834. (*Toscano,* at pp. 781, 784.) The court rejected the argument: "Appellants correctly state that the claims provisions of the Government Code are inoperative to an action brought under section 1983 of the federal Civil Rights Act, 42 United States Code section 1983. [Citation.] However, United States Code section 1983 actions can only be brought against individuals. [Citations.] Therefore, to the extent that appellants' claim was directed at the County of Los Angeles Sheriff's Department, *Williams* is not in point. [Citation.] Insofar as an action against the individual deputies is concerned, *Williams* holds that no claim need have been filed. Thus, to the extent that appellants' petition was intended as a prelude to an action against the individual deputies under 42 United States Code section 1983, appellants are correct. However, the unnamed individuals do not appear to have been made a party to the petition. [Citation.]" (*Toscano,* at p. 784.) In other words, the court concluded that the fact that the plaintiffs were not required to comply with state claims provisions in a section 1983 action was not a ground to set aside the order denying their petition, because they could not properly maintain a section 1983 action against the sole defendant named in their petition in any event. (*Toscano,* at p. 784.) The court did not hold, as appellants claim, that the Claims Act applied to a 42 United States Code section 1983 claim, but rather that the plaintiffs had not named an appropriate defendant under section 1983 in the first place.[10]

Again, it is no doubt true here that respondents could not maintain a valid 42 United States Code section 1983 action against appellants. Indeed, they voluntarily dismissed the section 1983 claim against the state defendants in response to appellants' arguments that they were immune from suit, and respondents do not challenge the trial court's grant of summary judgment as to the individual defendants. Appellants could have sought attorney fees as the prevailing parties pursuant to 42 United States Code section 1988, which specifically applies to section 1983 actions, but they waited until after their

---

[10] Appellants also cite a series of cases that stand for the unremarkable proposition that where a plaintiff alleges *both* a 42 United States Code section 1983 cause of action *and* a state law claim subject to the Claims Act, the plaintiff must comply with the Claims Act *with respect to the separate state claim.* (E.g., *State of California v. Superior Court* (2004) 32 Cal.4th 1234, 1238, 1240 [13 Cal.Rptr.3d 534, 90 P.3d 116]; *Jaspar v. Khoury* (E.D.Cal., Jan. 29, 2009, No. Civ. S-06-1177 GEB EFB P) 2009 WL 213106, *4–*5; *Slama v. City of Madera* (E.D.Cal., Dec. 17, 2008, No. 1:08-CV-810 AWI GSA) 2008 WL 5246006, *1–*2; *Ovando v. City of Los Angeles* (C.D.Cal. 2000) 92 F.Supp.2d 1011, 1021–1022; *Hernandez v. McClanahan* (N.D.Cal. 1998) 996 F.Supp. 975, 979 [dismissing without prejudice state law claims; court did not consider § 1983 claims].) The trial court here concluded that respondents had not complied with the claims presentation requirements of the Claims Act, and dismissed their state law claim on that basis after appellants demurred to the complaint. Again, it does not follow that respondents' section 1983 claim was covered by the Claims Act, simply because respondents alleged both a state and a federal cause of action in the same complaint.

attorney fees motion under section 1038 was denied before seeking fees under the federal statute. We next consider whether their failure to include the federal basis for attorney fees in their original motion precluded them from recovering.

### B.  *No Abuse of Discretion to Deny Second Attorney Fees Motion.*

Appellants challenge the trial court's conclusion that their motion for attorney fees pursuant to 42 United States Code section 1988 was an improper motion for reconsideration of the court's previous order denying attorney fees under state law. The resolution of this question is governed by section 1008, which provides in part: "A party who originally made an application for an order which was refused in whole or part . . . may make a subsequent application for *the same order* upon new or different facts, circumstances, or law, in which case it shall be shown by affidavit what application was made before, when and to what judge, what order or decisions were made, and what new or different facts, circumstances, or law are claimed to be shown." (§ 1008, subd. (b), italics added.) Section 1008, subdivision (e) further provides: "This section specifies the court's jurisdiction with regard to applications for reconsideration of its orders and renewals of previous motions, and applies to all applications to reconsider any order of a judge or court, or for the renewal of a previous motion, whether the order deciding the previous matter or motion is interim or final. No application to reconsider any order or for the renewal of a previous motion may be considered by any judge or court unless made according to this section." The statute is meant " 'to reduce the number of motions to reconsider and renewals of previous motions heard by judges in this state.' " (*Le Francois v. Goel* (2005) 35 Cal.4th 1094, 1098 [29 Cal.Rptr.3d 249, 112 P.3d 636].) We review the denial of a motion under section 1008 for abuse of discretion. (*Lucas v. Santa Maria Public Airport Dist.* (1995) 39 Cal.App.4th 1017, 1027–1028 [46 Cal.Rptr.2d 177].)

■  As a preliminary matter, we agree with appellants insofar as they argue that their second motion for attorney fees was not a motion for reconsideration governed by section 1008, subdivision (a). That subdivision requires that where a party seeks to "modify, amend, or revoke [a] prior order," the party's motion for reconsideration must be (1) filed within 10 days after service of the order of which reconsideration is sought, (2) "based upon new or different facts, circumstances, or law," and (3) supported by an affidavit setting forth the details of the order being challenged. (*Ibid.*) Appellants' second motion for attorney fees, filed more than three and a half months after the denial of their first attorney fees motion (and thus outside the time limit for motions for reconsideration (§ 1008, subd. (a)), did "not resemble a motion for reconsideration because it [did] not request the court

'to reconsider the matter and modify, amend, or revoke the prior order' on the first application." (*Deauville Restaurant, Inc. v. Superior Court* (2001) 90 Cal.App.4th 843, 848 [108 Cal.Rptr.2d 863], quoting § 1008, subd. (a).) Instead, the second motion "was more akin to a renewed motion [section 1008, subdivision (b)] than a motion for reconsideration." (*Deauville Restaurant*, at p. 848 [second application for writ of attachment was renewed motion].) Like a motion for reconsideration, a renewed motion must be based upon new or different facts, circumstances, or law, and must be accompanied by a supporting affidavit.[11]

■ Appellants argue that section 1008, subdivision (b) did not apply to their second motion for attorney fees, brought under a *federal* statute, because they were not seeking "the same order" (§ 1008, subd. (b)) they did in their first motion for attorney fees, brought pursuant to a *state* statute that has different substantive and procedural requirements. However, it is beyond dispute that they sought identical relief in both motions; namely, an award of their attorney fees. They requested $370,529.29 in attorney fees in their original motion, and they sought the identical amount in their second motion. An "order" is defined as a "direction of a court or judge, made or entered in writing, and not included in a judgment." (§ 1003.) Whether appellants' motions relied on two different grounds, the fact remains that both sought an order from the court directing respondents to pay their attorney fees. (§ 1003.) " 'The nature of a motion is determined by the nature of the relief sought, not by the label attached to it. The law is not a mere game of words.' " (*Sole Energy Co. v. Petrominerals Corp.* (2005) 128 Cal.App.4th 187, 193 [26 Cal.Rptr.3d 790] [trial court had discretion to treat motion for reconsideration as motion for new trial].) We conclude that appellants' second motion for attorney fees was a motion for "the same order" (§ 1008, subd. (b)) they sought in their first motion, because they sought *identical relief* in both motions. The cases upon which appellants rely in claiming that they filed a "different" motion are distinguishable, because they involved situations where parties sought different relief, using procedures that had different purposes. (*Emerald Bay Community Assn. v. Golden Eagle Ins. Corp.* (2005) 130 Cal.App.4th 1078, 1086–1087 [31 Cal.Rptr.3d 43] [ruling on motion for judgment not a reconsideration of summary judgment motion, which has different scope and focus]; *Community Memorial Hospital v. County of Ventura* (1996) 50 Cal.App.4th 199, 205 [56 Cal.Rptr.2d 732]

---

[11] We recognize that the trial court's order denying appellants' second attorney fees motion referred to the second motion as a "motion to reconsider" instead of using a more precise term such as "renewed motion," and the court did not indicate whether it was relying on subdivision (a) or (b) of section 1008. It is clear from appellants' citation in their appellate briefs to section 1008, subdivision (b), that they recognize that the resolution of this issue turns on a determination of whether their second motion was governed by this subdivision.

[motion for summary judgment or adjudication not reconsideration of order overruling demurrer, which raises only issues of law].)

We disagree with appellants' argument that a recent Sixth District opinion dictates a contrary conclusion. (*Standard Microsystems Corp. v. Winbond Electronics Corp.* (2009) 179 Cal.App.4th 868 [102 Cal.Rptr.3d 140] (*Standard Microsystems*).)[12] In *Standard Microsystems*, two corporations that were located outside the United States were served by mail with a complaint. (179 Cal.App.4th at p. 874.) Their California attorney advised them (incorrectly) that service was ineffective and that they need not respond to the complaint, and the plaintiff secured both the defendants' defaults. (*Id.* at pp. 874–876, 897.) The defendants filed motions to set aside the defaults pursuant to the discretionary relief provisions of section 473, subdivision (b), which provides relief from a judgment, dismissal, or order taken through a party's mistake, inadvertence, surprise, or excusable neglect. (*Standard Microsystems*, at p. 877.) The trial court denied the motions and entered default judgments against the defendants. (*Id.* at pp. 879–880.) After the defendants hired new counsel, they moved for relief from both the defaults and default judgments pursuant to the mandatory relief provisions of section 473, subdivision (b), which provides relief from a default or default judgment upon a showing of attorney fault. (*Standard Microsystems*, at p. 880.) The trial court denied the motions, concluding that (1) the defendants had not made a sufficient showing under section 473, subdivision (b), and (2) the motion for relief was an improper motion for reconsideration of the trial court's previous denial of the motion for relief from default. (*Standard Microsystems*, at p. 884.)

The Sixth District reversed. It first concluded that the defendants' second motion for relief was not a motion for reconsideration (§ 1008, subd. (a)), because (like appellants' second attorney fees motion here) it did not seek to modify or set aside the court's previous order. (*Standard Microsystems, supra,* 179 Cal.App.4th at p. 891.) As for whether the defendants' second motion for relief was a renewed motion governed by section 1008, subdivision (b), the *Standard Microsystems* court found that the term " 'same order' " in the statute contained "a latent ambiguity." (*Standard Microsystems*, at p. 891.) "Conceivably the Legislature intended a distinction between 'facts, circumstances, [and] law' on the one hand, and *grounds* on the other, such that the two motions seeking the same relief *on different legal theories* would not be viewed as seeking the 'same order.' " (*Id.* at p. 892, original italics.) Although the court concluded that "[s]uch a gloss" contained "little basis in the actual

---

[12] *Standard Microsystems, supra,* 179 Cal.App.4th 868 was decided after briefing was completed in this appeal. On December 17, 2009, this court requested supplemental briefing regarding the effect, if any, the opinion had in this case. Both sides submitted supplemental letter briefs.

language of the statute," it did not decide the issue. (*Ibid.*) It instead assumed, without deciding, that the defendants' second motion sought the " 'same order' " as the first *in part* insofar as it sought relief from the underlying default. (*Id.* at pp. 892–893.) Because the second motion also sought the additional relief of setting aside the resulting default judgment, it was not barred by section 1008, subdivision (b).[13] (179 Cal.App.4th at pp. 892–893 ["We emphatically reject the proposition that a motion seeking a previously denied order *in addition to* newly requested relief is thereby *entirely barred*, as if its repetitive aspect somehow tainted the whole."].) The defendants' second motion rested on an "entirely distinct factual . . . predicate[]" (*id.* at p. 891), because it relied on an assertion of attorney fault not presented in the first motion (*id.* at p. 895). Here, by contrast, as set forth above, appellants sought identical relief in both their first and second motions for attorney fees. Although they relied in their second motion on a statute with different substantive rules, they did not rely on any new factual predicate for their relief. (Cf. *id.* at p. 891.) Appellants therefore sought "the same order" (§ 1008, subd. (b)) in their second motion.

■ The question remains whether appellants' renewed motion complied with section 1008, subdivision (b), which requires that renewed motions be based upon "new or different facts, circumstances, or law," and must be supported by an affidavit setting forth "what application was made before, when and to what judge, what order or decisions were made, and what new or different facts, circumstances, or law are claimed to be shown." Appellants argued in their second motion for attorney fees that because 42 United States Code section 1988, the basis for the motion, was not "either 'new' or 'different' law from what was available on or before March 19, 2008 (when [the trial court] heard oral argument on the State's motion under Section 1038)," they did not renew their first attorney fees motion pursuant to section 1008. In its written order denying appellants' second motion, the trial court rejected the argument that appellants need not comply with section 1008: "This is a motion to reconsider the Court's prior order rejecting the request for fees under California Code of Civil Procedure section 1038. Defendants are correct that 42 U.S.C. section 1988 provides a separate basis apart from C.C.P. section 1038 for Defendants to seek attorneys' fees, having prevailed in this action. ■ However, Defendants may not make *seriatim* motions that seek the same relief; rather Defendants were obligated to put forth all of their reasons for an award of attorneys' fees when they made their initial request. That is the teaching of *Baldwin*[, *supra*, 59 Cal.App.4th 1192]."

---

[13] The *Standard Microsystems* court went on to hold that the trial court erred in denying the defendants' motion to vacate on grounds of attorney fault. (*Standard Microsystems, supra*, 179 Cal.App.4th at pp. 896–907.)

In *Baldwin*, the plaintiffs sought, and were granted, attorney fees pursuant to Civil Code section 1717. (*Baldwin, supra*, 59 Cal.App.4th at pp. 1194–1195.) In support of a motion for reconsideration, the defendant submitted an affidavit stating that a published opinion not considered at the first hearing was relevant to the ruling and justified reconsideration. (*Id.* at p. 1196.) Division Two of this court disagreed and held that where a subsequent motion is based on different law, a trial court lacks jurisdiction to reconsider its previous order absent a party's showing of diligence in its explanation of its failure to present the law earlier, and that the defendant had made no showing that it could not have presented the case in its original motion.[14] (59 Cal.App.4th at pp. 1193, 1197–1198, 1200–1201.) "Without a diligence requirement the number of times a court could be required to reconsider its prior orders would be limited only by the ability of counsel to belatedly conjure up a legal theory different from those previously rejected, which is not much of a limitation." (*Id.* at p. 1199.) Appellants distinguish *Baldwin* on the basis that the opinion addressed "newly-found *decisional* law" (original italics), as opposed to a different statute with different substantive and procedural requirements. This is a distinction without a difference. Section 1008, subdivision (b) provides that a party may bring a renewed motion "upon new or different . . . law," without distinguishing between "statutory" or "decisional" law.

The trial court's reliance on *Baldwin, supra*, 59 Cal.App.4th 1192 demonstrated that it concluded that appellants had not provided a satisfactory explanation for their failure to direct the court to 42 United States Code section 1988 in their first attorney fees motion.[15] Because appellants contend that section 1008 did not apply, they apparently argue that they were not

[14] Although *Baldwin, supra*, 59 Cal.App.4th 1192 considered whether a party had made the requisite showing of diligence in connection with a motion for reconsideration under section 1008, subdivision (a), its reasoning is equally applicable to renewed motions under section 1008, subdivision (b), which have the identical requirement that they be based on "new or different facts, circumstances, or law." (§ 1008, subds. (a), (b).)

[15] It has long been the view that a party seeking reconsideration of a prior order based on "new or different facts" must provide a satisfactory explanation for failing to present the evidence sooner. (*Jones v. P.S. Development Co., Inc.* (2008) 166 Cal.App.4th 707, 725 [82 Cal.Rptr.3d 882]; *New York Times Co. v. Superior Court* (2005) 135 Cal.App.4th 206, 212–213 [37 Cal.Rptr.3d 338] ["information must be such that the moving party could not, with reasonable diligence, have discovered or produced it . . ." in previous motion]; *Garcia v. Hejmadi* (1997) 58 Cal.App.4th 674, 690 [68 Cal.Rptr.2d 228] ["strict requirement of diligence"]; *Robbins v. Los Angeles Unified School Dist.* (1992) 3 Cal.App.4th 313, 317 [4 Cal.Rptr.2d 649]; *Blue Mountain Development Co. v. Carville* (1982) 132 Cal.App.3d 1005, 1013 [183 Cal.Rptr. 594]; 6 Witkin, Cal. Procedure (5th ed. 2008) Proceedings Without Trial, § 47, pp. 470–471.) *Baldwin* concluded that this same diligence requirement also was applicable to motions for reconsideration on the basis of "different law." (*Baldwin, supra*, 59 Cal.App.4th at p. 1200.) *Standard Microsystems* criticized the "court-made" diligence requirement embodied in this line of cases, contending that they "attributed to the statute a meaning and effect that cannot be found anywhere in its language." (*Standard Microsystems, supra*, 179

required to provide any such explanation. To the extent that they argue that the trial court erred in concluding that they had no satisfactory reason for not presenting their legal theory that they were entitled to attorney fees pursuant to section 1988 in their first motion, we disagree. Appellants claim that it was necessary to bring a second motion because of the incorrect assertion by respondents' counsel at the first attorney fees hearing that only prevailing plaintiffs may recover attorney fees in 42 United States Code section 1983 cases. First, the misstatement of law (which the trial court characterized as "completely innocent") was not the basis for the trial court's written order denying attorney fees under state law. More importantly, it was *appellants'* responsibility to advance all correct legal theories for an award of attorney fees in their original motion, so as not to burden the trial court with repeated motions for the same relief.

Appellants also note that there are different time limitations for filing motions under the different statutes, because attorney fees under the state statute must be brought before entry of judgment (§ 1038, subd. (c)), whereas a statutory motion for fees under 42 United States Code section 1988 must be served and filed within the time for filing a notice of appeal. (Cal. Rules of Court, rule 3.1702(b)(1).)[16] Appellants contended in the trial court that, unlike the time limit set forth in section 1038, there was no requirement that a section 1988 motion be filed before entry of judgment. On appeal, appellants argue that the applicable time limitations "would appear to exclude" the possibility of filing their motions for attorney fees simultaneously. (Cf. *Yuba Cypress Housing Partners, Ltd. v. Area Developers* (2002) 98 Cal.App.4th 1077, 1086 [120 Cal.Rptr.2d 273] [request for attorney fees filed under Cal. Rules of Court, former rule 870.2(b)(1), now rule 3.1702(b)(1), timely even though prematurely filed before rendition of judgment].) They

---

Cal.App.4th at pp. 895, 888 & fn. 10.) The court thus declined to follow them. (*Id.* at p. 896.) We respectfully disagree with *Standard Microsystems*'s rejection of the diligence requirement. Our Supreme Court has acknowledged that the statute's purpose is to " 'conserve judicial resources.' " (*Le Francois v. Goel, supra,* 35 Cal.4th at p. 1106.) "The miserable result" of rejecting a diligence requirement "would remove an important incentive for parties to efficiently marshall their evidence" (*Garcia v. Hejmadi, supra,* at pp. 688–689) or, in this case, law.

[16] California Rules of Court, rule 3.1702(b)(1) provides: "A notice of motion to claim attorney's fees for services up to and including the rendition of judgment in the trial court—including attorney's fees on an appeal before the rendition of judgment in the trial court—must be served and filed within the time for filing a notice of appeal under rules 8.104 and 8.108." (See also *Sanabria v. Embrey* (2001) 92 Cal.App.4th 422, 426–429 [111 Cal.Rptr.2d 837] [motion for attorney fees pursuant to statute must be filed within time limits for filing appeal].) Appellants did not seek attorney fees "up to and including the rendition of judgment." Rather, they sought in both motions the fees incurred between respondents' filing of the complaint and the trial court's grant of summary judgment. Appellants' second motion was brought pursuant to section 1033.5, subdivision (a)(10)(B), (C) (attorney fees authorized by statute or law recoverable as costs), which permits attorney fees as costs to be claimed upon a noticed motion. (§ 1033.5, subd. (c)(5).)

assert for the first time in their supplemental brief that they allowed judgment to be entered before filing their motion pursuant to section 1988, because rule 3.1702 *mandates* that motions for attorney fees must be made within 60 days after judgment. To the contrary, appellants filed their motion for attorney fees under section 1988 on August 1, 2008, more than three months before entry of judgment on November 6, 2008 (following the denial of appellants' second attorney fees motion). Appellants offered no reason to the trial court why it was necessary to file their motions at different times, and both were in fact filed before entry of judgment.[17] We agree with the trial court that were appellants' second motion for attorney fees considered a motion for a different order, parties could continue to bring motions for attorney fees "one at a time on a seriatim basis."

Finally, we reject appellants' argument, based on *Standard Microsystems*, that this court should not apply section 1008 here because to do so would result in a "forfeiture." (*Standard Microsystems, supra*, 179 Cal.App.4th at p. 889.) The *Standard Microsystems* court noted that section 1008 "appears to fall squarely within at least one class of statutes that has traditionally been *strictly* construed, i.e., those statutes effecting a procedural *forfeiture*." (*Standard Microsystems, supra*, at p. 889.) To the extent there was a conflict between section 1008 and the mandatory relief provisions of section 473, subdivision (b), the court held that the conflict must be resolved in favor of allowing relief under section 473, subdivision (b), which is to be construed liberally to favor adjudication of cases on the merits rather than determined by default. (*Standard Microsystems*, at p. 894.) Here, by contrast, although there were different procedural rules and substantive standards governing appellants' two motions for attorney fees under two different statutes, there was no conflict between either of these two statutes and section 1008.

We conclude that appellants' motion for attorney fees pursuant to 42 United States Code section 1988 was a renewed motion for attorney fees governed by section 1008, subdivision (b), and that the trial court did not abuse its discretion in denying the motion in the absence of a sufficient explanation why appellants did not rely on the federal statute in their original motion.

---

[17] That parties may file attorney fees motions based on multiple theories is illustrated by *Steinert v. Winn Group, Inc.* (10th Cir. 2006) 440 F.3d 1214, cited by appellants, in which parties sought in the same motion attorney fees on three grounds, but were entitled to fees under only one of them. (*Id.* at pp. 1217, 1220–1222; see also *Sokolow v. County of San Mateo* (1989) 213 Cal.App.3d 231, 242 [261 Cal.Rptr. 520] [plaintiffs moved for attorney fees under 42 U.S.C. § 1988 and Code Civ. Proc., § 1021.5]; *Filipino Accountants' Assn. v. State Bd. of Accountancy* (1984) 155 Cal.App.3d 1023, 1028–1029 [204 Cal.Rptr. 913] [parties sought attorney fees under § 1988 and two other grounds].)

## III.

### DISPOSITION

The judgment is affirmed. Respondents shall recover their costs on appeal.

Reardon, Acting P. J., and Rivera, J., concurred.