Filed 11/25/24  Pierce v. Heiple CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| KIP PIERCE,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>LISA HEIPLE,<br><br>    Defendant and Respondent. | B333401<br><br>(Los Angeles County<br>Super. Ct. No. BC663601) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Daniel M. Crowley, Judge.  Dismissed.

Kip Pierce, in pro. per., for Plaintiff and Appellant.

Law Office of Gary E. Shoffner and Gary E. Shoffner for Defendant and Respondent.

_____

Plaintiff Kip Pierce appeals from the denial of a motion to vacate a judgment in favor of defendant and respondent Lisa Heiple, his ex-wife. Plaintiff's motion sought identical relief to an unsuccessful motion he filed the previous year. We conclude plaintiff's motion was a renewed motion subject to Code of Civil Procedure section 1008, subdivision (b). Denials of renewed motions are not appealable. We therefore dismiss the appeal.

## BACKGROUND

### 1. *The original judgment*

In June 2017, plaintiff filed a complaint in propria persona against defendant and her then-husband, Jeff Heiple, alleging they had fabricated documents and taken other improper actions in an attempt to impose a lien on settlement proceeds plaintiff obtained in a separate lawsuit in San Bernardino.[1] Defendant and Jeff Heiple did not respond to the complaint and the trial court entered defaults against them. Defendant later appeared and successfully moved to vacate the entry of default, contending plaintiff had not served her with the summons or complaint. The trial court vacated the entry of default over plaintiff's opposition.

Defendant then filed an anti-SLAPP special motion to strike all causes of action asserted against her. The trial court granted the motion, finding the causes of action arose from defendant's filings in court actions and were shielded by the litigation privilege. Plaintiff did not appeal from the grant of the anti-SLAPP motion.

---

[1] The complaint also listed two entity defendants, Heiple Family Trust and Heiple Homes doing business as Ten Mile Lake Properties LLC, but asserted no causes of action against them.

2

After the time to appeal the anti-SLAPP motion had expired, plaintiff filed a motion to set aside the orders vacating the default and granting the anti-SLAPP motion. Plaintiff based his motion on Code of Civil Procedure[2] section 473, subdivision (b), claiming extrinsic fraud or mistake, and section 473, subdivision (d), claiming clerical error and that the orders were void for, inter alia, lack of jurisdiction. The trial court denied plaintiff's motion.

Plaintiff then requested a default judgment against Jeff Heiple, who had yet to appear in the case. The trial court sua sponte issued an order to show cause why the entire complaint should not be dismissed, given that Jeff Heiple's liability as an aider and abettor was derivative of defendant's liability, and defendant no longer was liable following the grant of her anti-SLAPP motion.

Plaintiff responded by filing another motion under section 473, subdivision (d) to set aside the order vacating defendant's default as void, claiming the order was procured by fraud and exceeded the trial court's jurisdiction. Two months later, plaintiff filed an additional motion under section 473, subdivision (d), once again claiming the grant of the anti-SLAPP motion was void due to clerical mistakes and lack of jurisdiction. Plaintiff also filed a response to the order to show cause, arguing Jeff Heiple's liability was not derivative of defendant's liability.

The trial court denied plaintiff's motions under section 473, subdivision (d), and entered judgment in favor of defendant and Jeff Heiple on April 26, 2019. We affirmed the judgment,

---

[2] Unspecified statutory citations are to the Code of Civil Procedure.

concluding, inter alia, the trial court's orders vacating the default and granting the anti-SLAPP motion were not void under section 473, subdivision (d). (*Pierce v. Heiple* (Dec. 21, 2020, B298594 [nonpub. opn.].) Plaintiff later appealed from the trial court's award of attorney fees and costs to defendant, and we affirmed the award. (*Pierce v. Heiple* (Jan. 22, 2021, B300825 [nonpub. opn.].)

### 2. *Motion to reopen case*

On March 29, 2022, more than a year after we affirmed the judgment in defendant's favor, plaintiff filed a motion to reopen the case, citing sections 607, subdivision (6), 657 et seq., and 662. Plaintiff argued he had obtained evidence not available before judgment was entered, namely a declaration from Jeff Heiple. Plaintiff contended the declaration established plaintiff properly served defendant with the complaint, and therefore the trial court should not have vacated the default entered against her.

In opposition, defendant argued plaintiff's motion was untimely, Jeff Heiple's declaration did not demonstrate defendant perjured herself regarding service of process, and even if it did, the fraud was intrinsic as opposed to extrinsic and therefore did not justify reopening the case.

In reply, plaintiff argued, inter alia, that the court had authority under section 473 to set aside a judgment obtained through extrinsic fraud as void. In a footnote, plaintiff quoted section 473, subdivision (d), allowing courts to "set aside any void judgment or order." In the main text, plaintiff then stated, "The Court should vacate the April 26, 2019 [judgment] as being

4

void."[3]  Plaintiff quoted case authority for the proposition that
" '[a] motion to vacate a judgment for extrinsic fraud is not
governed by any statutory time limit, but rather is addressed to
the court's " ' "inherent equity power" ' " to grant relief from a
judgment procured by extrinsic fraud.  [Citations].' [Citation.]"

On April 28, 2022, the trial court denied plaintiff's motion
to reopen the case.  The court found the motion was untimely to
the extent it sought relief under sections 657 et seq. or 662.  The
court further found Jeff Heiple's declaration and plaintiff's other
evidence did not establish extrinsic fraud sufficient to set aside
the judgment as void under section 473, subdivision (d).

Plaintiff did not appeal from the order denying his motion.

### 3.  *Motion to set aside or vacate judgment*

On August 8, 2023, plaintiff filed a motion to set aside or
vacate the April 26, 2019 judgment.[4]  Plaintiff cited section 473,
subdivisions (b) and (d).  Plaintiff again argued Jeff Heiple's
declaration established extrinsic fraud on the part of defendant.
Plaintiff also argued the trial court that entered the judgment
lacked jurisdiction to do so, because the dispute over defendant's
lien that led to plaintiff filing his action in Los Angeles Superior

---

[3]  Plaintiff's motion actually requests the trial court "vacate
the April 26, 2019 Order."  We presume he meant the judgment
entered on that date—he identifies no separate order filed on that
date, and the discussion in his motion focuses on void judgments.

[4]  Plaintiff labeled his motion an "amended" motion,
because he had filed an earlier motion to vacate or set aside the
judgment on May 2, 2022, on which the trial court had yet to
rule.

Court originated in Oregon and San Bernardino court proceedings, and those courts had "priority and first jurisdiction."

Defendant opposed, arguing plaintiff's motion was an attempt to renew his March 29, 2022 motion, and plaintiff had not complied with the requirements for doing so under section 1008. Defendant contended the trial court therefore lacked jurisdiction to consider plaintiff's motion.

In reply, plaintiff argued his motion was a new motion under section 473, subdivisions (b) and (d), not a renewal of his March 2022 motion.

Following a hearing on September 7, 2023, the trial court ruled it lacked jurisdiction to decide plaintiff's motion, citing section 1008. Plaintiff filed a timely notice of appeal.

## DISCUSSION

Defendant argues the trial court's September 7, 2023 order is nonappealable. We agree.

Section 1008, subdivision (b), provides, in relevant part, "A party who originally made an application for an order which was refused in whole or part . . . may make a subsequent application for the same order upon new or different facts, circumstances, or law, in which case it shall be shown by affidavit what application was made before, when and to what judge, what order or decisions were made, and what new or different facts, circumstances, or law are claimed to be shown." Subdivision (e) provides, "This section specifies the court's jurisdiction with regard to applications for reconsideration of its orders and renewals of previous motions, and applies to all applications to reconsider any order of a judge or court, or for the renewal of a previous motion, whether the order deciding the previous matter or motion is interim or final. No application to reconsider any

6

order or for the renewal of a previous motion may be considered by any judge or court unless made according to this section."[5]

An order denying a renewed motion is not appealable. (*Westmoreland v. Kindercare Education LLC* (2023) 90 Cal.App.5th 967, 973.) This is because "permitting such appeals might: (1) render 'a nonappealable order or judgment . . . appealable,' (2) permit a party to 'have two appeals from the same decision,' or (3) give a party 'an unwarranted extension of time to appeal.' [Citation.]" (*Doe v. Westmont College* (2021) 60 Cal.App.5th 753, 761.) " ' "[T]he possibility that a party may obtain an unwarranted extension of time to appeal" ' is particularly acute ' "with respect to a renewed motion under section 1008, subdivision (b), in light of the fact that such a motion may be brought at any time." ' [Citation.]" (*Westmoreland*, at pp. 974–975.)

We conclude plaintiff's August 8, 2023 motion to set aside or vacate the judgment was a renewed motion subject to section 1008, subdivision (b). Plaintiff already had sought to set aside or vacate the judgment in his March 29, 2022 motion to reopen the case. Plaintiff made this clear in his reply brief in support of the March 29, 2022 motion, in which he invoked section 473, and stated, "The Court should vacate the April 26, 2019 [judgment] as being void." The trial court expressly addressed plaintiff's section 473 argument in its ruling on the March 29, 2022 motion, and rejected the argument on the merits.

_____

[5] Section 1008's requirements apply to motions brought by parties, but that section does not limit a court's authority to reconsider one of its prior rulings on its own motion. (*Le Francois v. Goel* (2005) 35 Cal.4th 1094, 1096–1097.)

7

In his August 8, 2023 motion, plaintiff again invoked section 473 and again asked the court to set aside or vacate the April 26, 2019 judgment as void.  In making this argument, plaintiff relied on his earlier assertion that Jeff Heiple's declaration established extrinsic fraud.  He also made a new argument that the court entering the judgment lacked jurisdiction to do so, because the Oregon and San Bernardino courts had first priority.  Thus, the August 8, 2023 motion was "a subsequent application for the same order [i.e., an order vacating the judgment] upon new or different . . . law [i.e., the jurisdictional argument]."  (§ 1008, subd. (b).)

Plaintiff argues his August 8, 2023 motion was a new motion under section 473, not a renewed motion under section 1008.  He notes his motion did not invoke section 1008.  He further contends, "First priority jurisdiction and the judgment being *void* under [section] 473(d) are not found anywhere in [plaintiff's] March 2022 Motion to Reopen the Case." (Underscoring omitted.)

As discussed, plaintiff's August 8, 2023 motion satisfies the definition of a renewed motion under section 1008, and it therefore is immaterial his motion did not invoke that statute. (*California Correctional Peace Officers Assn. v. Virga* (2010) 181 Cal.App.4th 30, 43 (*California Correctional Peace Officers Assn.*) [" ' "The nature of a motion is determined by the nature of the relief sought, not by the label attached to it." ' "].)  His assertion that he did not seek to set aside the judgment as void in his March 2022 motion is contradicted by the reply in support of that motion, which indeed sought that relief, and which the trial court considered and denied.

8

It is true plaintiff did not raise his "first priority jurisdiction" argument in his March 2022 motion, but section 1008 expressly contemplates a renewed motion will be based on new facts, circumstances, or law not present in the original motion.  (§ 1008, subd. (b).)  Thus, the fact that the renewed motion is based on a new legal theory does not render section 1008 inapplicable, so long as the relief sought is the same in both motions.  (See *California Correctional Peace Officers Assn.*, *supra*, 181 Cal.App.4th at p. 43 [second motion for attorney fees was renewed motion under section 1008 despite first motion seeking fees under state law and second motion seeking fees under federal law].)

The trial court's denial of plaintiff's August 8, 2023 motion for lack of jurisdiction under section 1008 therefore is not appealable.  Plaintiff requests we treat this appeal as a petition for writ relief, "which we must do only 'under unusual circumstances.' [Citation.]"  (*Global Protein Products, Inc. v. Le* (2019) 42 Cal.App.5th 352, 365.)  We decline to do so.  Plaintiff had an adequate remedy at law, namely an appeal from the March 2022 order denying his first motion to vacate the judgment, and his failure to take that appeal does not entitle him to relief by extraordinary writ.  (See *Chango Coffee, Inc. v. Applied Underwriters, Inc.* (2017) 11 Cal.App.5th 1247, 1254, fn. 4.)  Plaintiff also has not explained why he could not have raised his "first priority jurisdiction" argument when he first sought to vacate the judgment in his March 29, 2022 motion.  (See *California Correctional Peace Officers Assn.*, *supra*, 181 Cal.App.4th at p. 46 [reconsideration motion based on different

law requires "showing of diligence" as to why moving party did not present the law earlier"].)[6]

## DISPOSITION

The appeal is dismissed. Lisa Heiple is awarded her costs on appeal.

<u>NOT TO BE PUBLISHED.</u>

BENDIX, J.

We concur:

ROTHSCHILD, P. J.

KLATCHKO, J.[*]

---

[6] Plaintiff has filed a request for judicial notice and a request to augment the record. Neither is relevant to the issue of appealability, and we therefore deny them.

[*] Judge of the Riverside Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.