Filed 6/23/26  P. v. Vigil CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>WILLIE PAUL VIGIL, JR.,<br><br>　　　　Defendant and Appellant. | H053845<br>(Santa Clara County<br>Super. Ct. No. C2513957) |

　　　　Defendant Willie Paul Vigil, Jr. appeals from the trial court's denial of his request for resentencing under Penal Code section 1172.75.[1]  On appeal, Vigil's counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), raising no issues, and Vigil filed a brief on his own behalf.  Because the record reflects that no now-invalid prior prison term enhancement under section 667.5, subdivision (b) was ever imposed in Vigil's case—a prerequisite for resentencing under section 1172.75—the trial court's denial did not affect Vigil's substantial rights.  We dismiss the appeal as being taken from a nonappealable order.

## I.　BACKGROUND

　　　　In 1998, Vigil was convicted by a jury of failure to register as a sex offender (§ 290, subd. (g)(2)).  Vigil admitted an on-bail enhancement (§ 12022.1), and the jury found true that Vigil had four prior strike convictions (§ 667, subds. (b)–(i)).  Vigil was

---

[1] Unspecified statutory references are to the Penal Code.

sentenced to a total term of 25 years to life, with an additional two-year term imposed for the on-bail enhancement.

In 2001, this court modified the judgment on Vigil's direct appeal to "stay the two-year term imposed for the on-bail enhancement" and affirmed the judgment as modified. (*People v. Vigil* (2001) 94 Cal.App.4th 485, 490.)

In September 2025, Vigil filed a "petition for writ of habeas corpus resentencing pursuant to Penal Code section …1172.75."[2] (Some capitalization omitted.) Vigil requested that upon section 1172.75 resentencing, the trial court should (1) exercise its discretion under section 1385, subdivision (a) and *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*) to strike his prior strike convictions, consistent with *People v. Rogers* (2025) 108 Cal.App.5th 340 (*Rogers*), and (2) apply "current laws and Assembly Bill [No.] 2483 [(2023–2024 Reg. Sess.) (Assembly Bill No. 2483)], and the [California] Racial Justice Act [of 2020] (RJA) Assembly Bill [No.] 2542 [(2019–2020 Reg. Sess.)]."[3]

The following month, the trial court denied Vigil's petition for writ of habeas corpus. The trial court interpreted Vigil's references to section 1385, *Romero*, *Rogers*, and the RJA "not as independent bases for resentencing" but as support for his contention that the trial court should reduce his sentence upon resentencing under section 1172.75. Finding that no prior prison term enhancement (§ 667.5, subdivision (b)) was imposed in Vigil's case, however, the trial court determined that Vigil was not entitled to resentencing under section 1172.75.

---

[2] Vigil filed a prior motion for resentencing in 2024, which the trial court denied. This court later dismissed Vigil's appeal from the 2024 denial of resentencing as taken from a nonappealable order in case number H052693. We previously granted Vigil's request to take judicial notice of the record in case number H052693.

[3] Assembly Bill No. 2483 added section 1171 to the Penal Code, which sets forth certain procedures for postconviction requests to modify sentences under new ameliorative laws. (*People v. Brinson* (2025) 112 Cal.App.5th 1040, 1047.)

Vigil appealed from the trial court's denial.

## II.    DISCUSSION

"[A] reviewing court is 'without jurisdiction to consider an appeal from a nonappealable order, and has the duty to dismiss such an appeal upon its own motion.' " (*In re Mario C.* (2004) 124 Cal.App.4th 1303, 1307.)  We find that the trial court's denial of Vigil's requested relief[4] is not appealable.  A defendant is only entitled to appeal "[f]rom any order made after judgment" if it "affect[s] the [defendant's] substantial rights."  (§ 1237, subd. (b).)  Here, Vigil has no rights under section 1172.75, the sole basis on which he claimed eligibility for resentencing.  Section 1172.75 authorizes the trial courts to resentence those defendants whose judgments contain now-invalid prior prison term enhancements under section 667.5, subdivision (b).  (§ 1172.75, subd. (a).)  Vigil's 1998 conviction has no prior prison term enhancement.  Section 1172.75 is therefore inapplicable to Vigil's case, and the trial court had no jurisdiction under section 1172.75 to grant relief.  "A trial court order denying relief that the court has no jurisdiction to grant does not affect a defendant's substantial rights and is therefore not appealable."  (*People v. King* (2022) 77 Cal.App.5th 629, 639.)  We must therefore dismiss Vigil's appeal.

Vigil's supplemental letter brief does not address appealability or otherwise explain how, on this record, the trial court could have relied on section 1172.75 to resentence him.  Nor has Vigil opposed our order to show cause why his appeal should not be dismissed as taken from a nonappealable order.  And because the record shows Vigil's ineligibility for section 1172.75 resentencing, we also reject Vigil's related claim

---

[4] Vigil titled his motion as a "petition for writ of habeas corpus," the denial of which would likewise not be appealable.  (*In re Clark* (1993) 5 Cal.4th 750, 767, fn. 7.) We construe his petition as a postjudgment motion, because the " ' "nature of a motion is determined by the nature of the relief sought, not by the label attached to it." ' " (*California Correctional Peace Officers Assn. v. Virga* (2010) 181 Cal.App.4th 30, 43.)

that appellate counsel was ineffective for filing a *Delgadillo* brief.  (*Delgadillo*, *supra*, 14 Cal.5th at pp. 221–222 [counsel may file *Delgadillo* brief when appeal from postconviction proceeding lacks merit]; *Strickland v. Washington* (1984) 466 U.S. 668, 694; but see *Delgadillo*, at p. 226 [" 'there is no constitutional right to the effective assistance of counsel' in state postconviction proceedings"].)

## III.   DISPOSITION

The appeal is dismissed as taken from a nonappealable order.

_____

LIE, J.



WE CONCUR:



_____

GROVER, Acting P. J.



_____

CHUNG, J.*



*People v. Vigil*
H053845

_____

*Judge of the Santa Clara County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.