Filed 5/22/25  Ballard v. Moseley CA5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| CHRISTOPHER BALLARD, Plaintiff and Appellant, v. HOWARD E. MOSELEY, Defendant and Respondent. | F087627 (Super. Ct. No. 22C0279) OPINION |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kings County.  Randy L. Edwards, Judge.

Christopher Ballard, in pro. per., for Plaintiff and Appellant.

Rob Bonta, Attorney General, Sara J. Romano, Assistant Attorney General, Maria G. Chan and Colby Mills, Deputy Attorneys General, for Defendant and Respondent.

-ooOoo-

---

[*] Before Peña, Acting P. J., Snauffer, J. and Fain, J.[†]

[†] Judge of the Fresno Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Christopher Ballard, a state prisoner, filed this appeal after a writ petition was denied as moot. As explained below, we affirm the judgment.

## BACKGROUND

Ballard filed an inmate grievance[1] within the prison system. After the grievance was "disapproved," he filed an administrative appeal.

When Ballard received no response on his administrative appeal, he filed the instant writ petition in superior court, seeking to compel the prison to process his appeal, and prevent the prison from "deliberately obstructing" his attempt from "exhaust[ing]" remedies. The Attorney General appeared on the prison's behalf and claimed Ballard "did not" and "never filed" an appeal to process. It supported the claim by declaration, in which "a custodian of records" swore there was "[n]o record of any … appeal[.]" "Based on that," the trial court denied the writ petition "with prejudice."

Shortly after the trial court denied the writ petition, the prison, and subsequently Ballard, learned Ballard's administrative appeal was misplaced—it was now considered "outdated correspondence." Ballard filed a "motion for relief from a void judgment and order," claiming "the judgment entered [against him] was based upon a fraudulent declaration[.]"

The Attorney General responded to Ballard's motion, contending the "judgment [was] not void," acknowledged it "erroneous[ly] represent[ed]" that "Ballard had not submitted an [administrative] appeal," and that the writ petition "should nonetheless be denied [as] moot." It also admitted Ballard's administrative appeal was "inadvertently misplaced," "incorrectly processed," and the prison's belated response "formally exhaust[ed] Ballard's administrative remedies[.]" Alleging "[t]here [was] no relief left … to grant," the Attorney General reiterated its request for dismissal.

---

[1] The grievance's substance is immaterial to this appeal. It involved verbal disrespect to correctional officers by Ballard.

The trial court "grant[ed] the reconsideration of the order," finding the Attorney General "admitted its error in how the appeal was processed and how it's now processed the appeal." The court found "the underlying petition [was] now moot," ordered the Attorney General "to prepare a final judgment … so that [Ballard] may file [an] appeal," and awarded costs to Ballard.

Ballard did not object to the Attorney General preparing the judgment, but did later formally oppose the proposed judgment. He asserted he was "being denied his procedural due process to file a notice of appeal within 60 days," "being deprived his First and Fourteenth Amendment right to access to court," his motion was "not denied moot[] but instead granted," not "receiv[ing] his court order (entry of judgment)," and the Attorney General "fail[ed] to comply" with California Rules of Court,[2] rule 3.1312(a), inhibiting his opportunity to "respond within the time limits." The trial court signed the proposed judgment of dismissal as written, declaring Ballard the "prevailing party," entitling him to costs, denying the writ petition "as moot," and dismissing the case.

### DISCUSSION

On appeal, Ballard argues the trial court's "oral ruling" was "a[m]biguous," the writ petition was not moot, and the judgment did not conform to the California Rules of Court. The Attorney General urges us to affirm because Ballard "already received the remedy sought" rendering any "issue … moot." Alternatively, it suggests Ballard failed to identify any "appealable error" because the judgment conformed to the court's order, there was no ambiguity, and Ballard did not "request a statement of decision[.]" We conclude reversal is not justified.

## I. Ambiguity

Ballard believes the trial court's oral ruling was ambiguous because it is unclear "whether it made its ruling on a void judgment or whether it found [a] fraudulent

[2] All rule references are to the California Rules of Court.

3.

declaration submitted ruled as extrinsic fraud." (Footnote omitted.) In our view, Ballard elevates form over substance.

" ' "The nature of a motion is determined by the nature of the relief sought, not by the label attached to it. The law is not a mere game of words." ' " (*California Correctional Peace Officers Assn. v. Virga* (2010) 181 Cal.App.4th 30, 43.) Here, it is clear the trial court granted Ballard's request to vacate the judgment against him, and then found the writ petition nonetheless moot because no relief was possible. (Cf. *Chen v. Valstock Ventures, LLC* (2022) 81 Cal.App.5th 957, 968 [" ' "trial court retains the inherent authority to change its decision at any time prior to the entry of judgment." ' "].) There is no ambiguity and the judgment conformed to the order.

To the extent Ballard was confused, it was incumbent upon him to formally request clarity. "[C]ourts must issue a statement of decision 'explaining the factual and legal basis for its decision, ' " however, "only *if* a party makes a timely request, and must address in that statement only the 'controverted issues' a party 'specif[ies]' in the request." (*F.P. v. Monier* (2017) 3 Cal.5th 1099, 1115, emphasis in original.) Ballard did not request a statement of decision and he cannot belatedly seek clarity where he failed to request it in the trial court.

## II.  Mootness

Next, Ballard contends "a moot ruling is inapplicable to void judgments." He misapprehends the record. We reiterate the trial court provided relief from the original order denying the writ petition, and *then* found it moot. Ballard makes no tenable argument the petition was not moot.

At best, Ballard argues the prison was required to conduct a " 'formal investigation' " upon a " 'reasonable belief' " in the grievance's allegations. But the prison here did not respond at all, albeit inadvertently, and Ballard's remedy at that point

was to further challenge the denial, not to undo the denial and move backward in the administrative appeals process.[3]

Ballard similarly claims the writ petition was not moot because the time-expired, i.e., "outdated correspondence," response did not exhaust his administrative remedies. He is incorrect. Under California Code of Regulations, title 15, section 3485, subdivision (*l*)(l)(4)(D), the time-expired response *does* serve to exhaust his remedies, allowing him to proceed to the next procedural step in pressing forward his grievance. He simply conflates a requirement to investigate potentially valid claims with a factual finding *his* claim was valid.[4] There was no such factual finding in this case.

The grievance-appeal at issue was never ruled upon, and the regulations account for that possibility with a time-expired denial.[5] Ballard's petition was mooted by the time-expired response.

## III.  California Rules of Court

Rule 3.1312(a) states, "[u]nless the parties waive notice or the court orders otherwise, the party prevailing on any motion must, within five days of the ruling, serve by any means authorized by law and reasonably calculated to ensure delivery to the other party or parties no later than the close of the next business day a proposed order for approval as conforming to the court's order." Concerning judgments, rule 3.1590 variously provides "the court may order a party to prepare, serve, and submit [a]

---

[3] The record discloses Ballard filed multiple grievances and appeals. In 2021, the prison did timely respond, twice finding, on separate occasions, Ballard's claims were not substantiated. Ballard's subsequent appeal, and the denial at issue in this case is the later—unbeknownst—August 2023 denial due to an untimely response, i.e., an automatic "time expired" denial. He, of course, had filed the instant writ petition in the interim while the appeal was misplaced.

[4] Ballard's requirement-to-investigate was based on a prior, then-existing regulation. To be sure, we do not find it was overlooked or not complied with, as it necessarily included a "reasonable belief" preliminary factual finding that did not occur.

[5] Again, the grievance was originally denied.

5.

proposed judgment[.]" (E.g., rule 3.1590(h) & (i).) "Any party may, within 10 days after service of the proposed judgment, serve and file objections thereto." (Rule 3.1590(j).)

The trial court here ordered the Attorney General to prepare a proposed judgment.[6] This order complies with the Rules of Court which afford discretion to trial courts in ordering judgment preparation. While it is true Ballard filed a written objection to the proposed order, the record is not clear whether he filed the objection before, after, or after and within 10 days of receiving the proposed judgment.[7]

" 'While a Rule of Court phrased in mandatory language is generally … binding on the courts … departure from it is not reversible error unless prejudice is shown.' " (*In re Marriage of Steiner & Hosseini* (2004) 117 Cal.App.4th 519, 524.) It is Ballard's burden to demonstrate prejudice. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.) We have carefully examined the record and conclude Ballard has not discharged his burden to prove error, let alone reversible error.

---

[6] The record is unclear which rule applies in this case. We need not resolve which precise rules applies because any rule at issue vests discretion in the trial court to order any party to prepare an order or judgment.

On appeal, the Attorney General contends rule 3.1590 governs, but in the trial court stated it served the proposed judgment "[p]ursuant" to rule 3.1312. Again, we need not determine the applicable rule because under either the procedure is indistinguishable.

[7] The appellate record discloses the oral judgment was pronounced on December 13, 2023. The Attorney General wrote a letter, dated December 20, 2023, purporting to serve the proposed judgment on Ballard. The record does not disclose when the letter was received, aside from a handwritten note stating "[r]eceived January 5, 2024." The handwriting is consistent with Ballard's other handwritten filings in this case. Ballard's written objection to the proposed judgment was filed on January 10, 2024. The written judgment was entered on January 26, 2024.

In our view, the record does not bear out any error in the process. A handwritten note stating when the proposed judgment was received is not persuasive, nor do we discern any prejudice from a possible error in the trial court not considering Ballard's objections to the judgment. It was Ballard's burden to assemble a persuasive record.

## **DISPOSITION**

The judgment is affirmed.  Each party shall bear its own costs on appeal. Ballard's "Motion for Judicial Notice" filed on November 18, 2024, is granted.  Ballard's motion to recover costs, filed on January 6, 2025, is denied.